# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KINGS COUNTY, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-00342-AWI-SKO PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGESS TO PROCEED ONLY ON COGNIZABLE CLAIMS AGAINST DEFENDANT CASTRO<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

## First Screening Order

### I. Screening Requirement and Standard

Plaintiff Juan Chavez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on March 13, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Summary of Events Giving Rise to Claims**

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, brings action against Kings County; the California Department of Corrections and Rehabilitation ("CDCR"); Warden Gibson; Lieutenant J. Keener; Sergeants J. Gonzales and L. A. Martinez; and Correctional Officers E. Castro, H. Florez, B. Simmons, and S. Longoria for violating his rights under federal and state law.

Plaintiff's claims arise out of events which occurred on March 27, 2012, at California State Prison-Corcoran ("CSP-Corcoran") on the 3-A Facility Yard during a riot. Officers nearest to the riot yelled, "Get down!" (Comp., p. 4.) Plaintiff complied and while he was moving into a prone position, he was pepper sprayed from behind by Defendant Keener. After Plaintiff was pepper sprayed and while he was in compliance with direct orders and presenting no threat to anyone,

Defendant Castro struck Plaintiff across the face with his baton, fracturing Plaintiff's left cheekbone, orbital rim, and nose. Plaintiff alleges that no force was necessary and Defendant Castro acted intentionally for the very purpose of harming Plaintiff. As a result of the incident, Plaintiff continues to suffer from blurred vision, headaches, jaw pain, and sleep deprivation.

Plaintiff alleges that in the incident report authored by Defendant Castro, Castro wrote that he struck another inmate across the calf with his baton, but he did not mention striking Plaintiff. Defendant Flores wrote in his report that he saw Defendant Castro strike an inmate, but he did not see who was struck.

### B. Section 1983 Claims

#### 1. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013).

Plaintiff's allegations clearly suffice to support a claim for relief against Defendant Castro for striking him across the face with a baton. *Wilkins*, 559 U.S. at 37. However, Plaintiff's allegations do not support a claim against Defendant Keener arising out of the use of pepper spray. In a riot situation where officers are yelling for inmates to get down and inmates are in various stages of compliance, the fact that Plaintiff ended up being pepper sprayed from behind while he was assuming a prone position falls well short of supporting a claim for excessive force. *Id.* The facts do not support an inference that Defendant Keener acted to intentionally harm Plaintiff rather than to restore order in the midst of a melee. *See Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986) ("The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the

degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.")

Plaintiff's allegations likewise do not support an excessive force claim against Defendants Keener, Gonzales, Florez, Simmons, and Longoria for failing to intervene in Defendant Castro's use of force. Plaintiff's bare allegation that they had "the time and training to intervene" but failed to do so merely mirrors the legal standard by bystander liability. *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). (Comp., p. 5.) That officers working to quell a prison riot would have a reasonable opportunity to stop another officer from striking an inmate across the face with a baton is simply not plausible. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Under section 1983, Defendant Castro is responsible for his own misconduct. Officers not directly involved in the use of force may not be held liable absent the existence of very limited circumstances not presented here. *Lolli*, 351 F.3d at 418; *Cunningham*, 229 F.3d at 1289; *Robins*, 60 F.3d at 1442.

**2. Supervisory Liability**

**a) Use of Excessive Force**

Plaintiff alleges that Defendants Gibson, Keener, Gonzales, Martinez, and other administrators knew that Defendants Castro, Flores, Simmons, Longoria, and Martinez used excessive force, retaliation, and threats to intimidate and abuse inmates.[1] Plaintiff alleges this misconduct was overlooked and condoned by prison administrators.

Under section 1983, supervisors may only be held liable if there is a causal connection between their actions or omissions and the violation of Plaintiff's rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). Here, Plaintiff's allegations state a viable excessive force claim against

---

[1] Plaintiff's complaint is internally inconsistent in places because, at times, he includes Martinez in the group of officers who violated his rights during the riot, and at other times, he includes Martinez in the group of supervisors who condoned the actions of subordinates. The Court's finding that Plaintiff fails to allege any facts supporting a claim against supervisory personnel is the same whether Martinez is a bystander or a supervisor.

Defendant Castro.  However, section 1983 precludes liability based on *respondeat superior*, and there are no facts pled to support the existence of a causal connection between Defendant Castro's use of force against Plaintiff on March 27, 2012, and any actions or inactions of supervisory personnel.  *Moss*, 711 F.3d at 967-68.  Plaintiff's general assertion of an atmosphere where misconduct was pervasive is precisely what is impermissible under section 1983: supervisors being held liable for the actions of those they supervise.  *Lemire*, 726 F.3d at 1074-75; *Moss*, 711 F.3d at 967-68; *Lacey*, 693 F.3d at 915-16.

### b) Inmate Appeal

On April 19, 2012, Plaintiff filed an inmate appeal.  Defendant Martinez interviewed Plaintiff for the appeal and at the commencement of the interview, he leaned forward and whispered to Plaintiff, "Hey you rat, if you don't drop this appeal, I'm going to make your life in prison difficult and I will prepare a validation packet for you and those who help you."  (Comp., p. 6.)  Defendant Martinez then falsely stated Plaintiff was uncooperative during the interview.

Plaintiff filed a second appeal grieving Defendant Martinez's conduct, but the conduct was condoned by the administration.  Plaintiff alleges that Defendants Gibson, Keener, and Gonzales failed to adequately train and supervise subordinate staff.

As with Plaintiff's supervisory liability claim arising from the incident of excessive force, there is no causal connection between Defendant Martinez's actions and Defendants Gibson, Keener, and Gonzales's actions or omissions.[2] *Lemire*, 726 F.3d at 1074-75; *Moss*, 711 F.3d at 967-68; *Lacey*, 693 F.3d at 915-16.

### 4. CDCR and Kings County as Defendants

CDCR has absolute immunity from suit under the Eleventh Amendment, and Plaintiff may not pursue a claim for relief against it in this action.  *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Plaintiff's inclusion of Kings County as a defendant is perplexing.  Plaintiff is suing state

---

[2] Plaintiff does not allege a First Amendment claim against Defendant Martinez for retaliation, but he does allege a claim for violation of California Penal Code Section 136.1, discussed below.

5

employees for subjecting him to unconstitutional conditions of confinement in state prison. Plaintiff presents no facts which would support municipal liability claim against Kings County. *E.g.*, *Avalos v. Baca*, 596 F.3d 583, 587-88 (9th Cir. 2010); *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010).

### 5. **Relief Sought**

Plaintiff is no longer incarcerated at CSP-Corcoran and his claims against Defendants arise from past events. Therefore, Plaintiff is limited to seeking damages in this action and his requests for injunctive relief mandating medical treatment, requiring CDCR reprimand Defendants Castro and Martinez, and prohibiting retaliation against him are not viable. 18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012).

### C. **State Law Claims**

Plaintiff also alleges a claim for assault and battery against Defendant Castro; a claim for negligence against Defendants Keener, Gonzales, Flores, Simmons, and Longoria; and a claim for violation of California Penal Code Section 136.1 against Defendant Martinez. Plaintiff alleges he complied with the Government Claims Act and his claims were rejected. Cal. Gov't Code §§ 905.2, 910, 911.2, 950.2, 950.6; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004).

Plaintiff's allegations suffice to state cognizable assault and battery claims against Defendant Castro arising out of the use of force on March 27, 2012. However, Plaintiff's negligence claim against Defendants Keener, Gonzales, Flores, Simmons, and Longoria is premised on their failure to intervene and prevent Defendant Castro from striking Plaintiff across the face with his baton. Plaintiff's negligence claim fails for the same reason his excessive force claim against these Defendants fails: while jailers owe a duty of care the prisoners, Plaintiff's allegations do not support a plausible claim that Defendants Keener, Gonzales, Flores, Simmons, and Longoria's breached a duty of care to Plaintiff which was the proximate or legal cause of

Plaintiff's injury. *E.g.*, *Lawson v. Superior Court*, 180 Cal.App.4th, 1372, 1389, 103 Cal.Rptr. 834, 849 (Cal. App. 2010); *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009); *Giraldo v. California Dep't of Corr. & Rehab.*, 168 Cal.App.4th 231, 241, 250, 85 Cal. Rptr.3d 371, 378, 385 (Cal. Ct. App. 2008).

Finally, section 136.1 of the California Penal Code proscribes the intimidation of witnesses and victims. Plaintiff's claim against Defendant Martinez is premised on Martinez's threat against him if he continued to pursue his inmate appeal. However, there is no private right of action under section 136.1, *see Gonzaga University v. Doe*, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes), and Plaintiff has not identified any other cause of action against Defendant Martinez, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (the party who brings a suit is master to decide what law he will rely upon) (citation omitted).

### III.     Conclusion and Order

Plaintiff's complaint states cognizable claims for relief against Defendant Castro for excessive force, assault, and battery. However, Plaintiff fails to state any other claims upon which relief may be granted. Plaintiff has not previously been provided with notice of the deficiencies in his claims and therefore, the Court will grant Plaintiff leave to amend to cure those deficiencies which Plaintiff believes, in good faith, are curable. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only against Defendant Castro on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The other defendants and claims will then be dismissed, and the Court will

provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendant Castro.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendant Castro on the claims found to be cognizable; and

3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 29, 2013**              /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE

8