# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CHAVEZ, | Case No. 1:13-cv-00342-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING DISCOVERY MOTION |
| v. | (Doc. 20) |
| KINGS COUNTY, et al., | |
| Defendants. | |

Plaintiff Juan Chavez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2013. This action for money damages is proceeding against Defendant E. Castro ("Defendant") for using excessive physical force, in violation of the Eighth Amendment of the United States Constitution, and for assault and battery under state law. On February 25, 2015, Plaintiff filed a motion seeking supplemental disclosures from Defendant pursuant to Federal Rule of Civil Procedure 26(e). Defendant filed an opposition on March 11, 2015. Plaintiff did not file a reply and his motion was submitted on the record without oral argument pursuant to Local Rule 230(*l*).[1]

In his motion, Plaintiff states that he sent Defendant's counsel a letter in late June 2014 concerning Defendant's disciplinary history related to the use of force but received no response. Plaintiff also states that he was in the hospital for surgery in December 2014 and he "need[s]

---

[1] On March 19, 2015, Defendant filed a motion seeking an extension of time to file a summary judgment motion, but that motion has not yet been submitted. Local Rule 230(*l*).

time." (Doc. 20, Motion, 1:27.) In response, Defendant's counsel attests that the Attorney General's Office has not received any correspondence or discovery of any kind from Plaintiff. (Doc. 21-1, Opp., D'Agostino Dec., ¶2.)

Defendant denies receiving any correspondence or discovery requests from Plaintiff; and Plaintiff's motion is not supported by a declaration, a copy of his letter, or a copy of his prison mail log showing he mailed correspondence to counsel. Accordingly, Plaintiff failed to demonstrate entitlement to the relief he seeks and his motion must be denied.

Further, to the extent Plaintiff's motion is construed as a motion for an extension of the discovery deadline, it is untimely. Pursuant to the discovery and scheduling order filed on May 13, 2014, the deadline for the completion of all discovery was January 13, 2015, and any requests for an extension of a deadline were due on or before the deadline. (Doc. 18, Order.) Moreover, Plaintiff failed to demonstrate any good cause to extend the deadline. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Plaintiff's conclusory assertion that he was in the hospital in December 2014 is insufficient to show he exercised due diligence during the discovery phase of this case, which commenced approximately seven months before Plaintiff's hospitalization. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087.

For the reasons set forth herein, Plaintiff's discovery motion is ORDERED DENIED.

IT IS SO ORDERED.

Dated:  **April 7, 2015**                                **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE